IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LIVINGSTON GEORGE MINOTT[1] | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PWG-16-2413 |
| MICHAEL PHILLIPS | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

Petitioner Livingston George Minott, a resident of Cairo, New York, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 27, 2016.[2] (ECF No. 1). His Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) shall be granted. For the reasons below, the Petition must be dismissed for lack of jurisdiction.

Petitioner states that on May 7, 2009, he pled guilty to charges of possession of marijuana in the Circuit Court for Washington County, Maryland. (Pet. 1-2). He states he was sentenced to 1 year of incarceration, all suspended, with 146 days' credit for time served, and three months of probation. (*Id.* at 2). Petitioner did not appeal his conviction, nor did he seek state post-conviction review of his plea and sentence.

Examination of Maryland's electronic docket confirms Petitioner's plea and sentence, although it indicates that he was sentenced to three years of probation, rather than three months. *See Maryland v. Minott*, Case No. 21K08041179 (Washington Cnty. Cir. Court).[3] In any event,

---

[1] The Clerk shall amend the docket to reflect Petitioner's proper name, Livingston George Minott. *See* State Ct. Docket, http://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis.

[2] Petitioner states that his grounds for relief are attached to the Petition. (Pet. 5). No attachment was filed with the Petition. Because this Court lacks jurisdiction to consider the Petition, this deficiency does not affect the outcome of this case.

[3] *See* State Ct. Docket, http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis.

Petitioner completed his probation. On April 18, 2016, he moved to vacate judgment in the Washington County Circuit Court. That motion remains pending. *Id.*

Federal habeas corpus relief pursuant to 28 U.S.C. § 2254 is available to prisoners who are "in custody" pursuant to a state court judgment. In this case, Petitioner's state sentence has expired. There are no additional remedies available in this forum, because federal courts lack jurisdiction under 28 U.S.C. § 1651(a) to alter the judgment of the state trial courts by way of coram nobis. *See Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) ("Error coram nobis ... cannot issue under the instant proceeding ... for the judgments are not in the court which Thomas has petitioned."). Because this Court lacks jurisdiction, the Petition must be dismissed.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). This petition fails to meet this standard.

This petition must be dismissed by separate Order which follows.

August 9, 2016
Date

Paul W. Grimm
United States District Judge